<u>CRIMINAL PROCEEDINGS</u> - **Sentencing**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

Judge B. Lynn Winmill  
Case No. **CR17-188-BLW**  
Place:  Pocatello, ID  

Date: **August 30, 2018**  
Deputy Clerk: Pamela Fulwyler  
Reporter: Katherine Eismann  
Time: 3:30 pm - 4:50 pm  

UNITED STATES OF AMERICA vs DILLON MCCANDLESS

Probation Officer: Tonya McDonald  
Interpreter: n/a  

Counsel for United States: Jack Haycock  
            Defendant(s): Steve Richert  

(X) Court reviewed case history.
(X) Discussion between Court and Counsel without the presence of the Defendant concerning the use of restraints in the courtroom.
Court ORDERED that Restraints be used while the Defendant is in the Courtroom for Sentencing for Reasons as Stated on the Record.
(X) Defendant previously entered a plea of **GUILTY to Count One and Two of the Superseding Indictment and agreed to the forfeiture contained in the plea agreement.** Courts ruling acceptance of plea agreement - Court accepts plea agreement.
(X) Government orally moved to dismiss the original Indictment: Granted

Total Combined offense Level 17 Criminal History Category I

(X) No Objections to the presentence report.
(X) Statement on behalf of the Defendant by Jay McCandless
(X) Statement on behalf of the Defendant by Angela McCandless
(X) Court granted 3rd level for acceptance of responsibility. Already in provided for in the sentencing recommendations.
(X) Counsel made arguments and sentencing recommendations to the Court.
(X) Court accepts the Presentence report and addendum adopted, except as modified here today.
(X) Court addressed 3553(a) factors and finds there is no grounds to sentence outside the guideline range as stated on the record.
(X) Defendant made no remarks on his own behalf.

SENTENCE: Defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 105 months. The term consists of 21 months on Count One and 84 months on Count Two, to run consecutively.

It is further ordered that the defendant shall pay to the United States a special assessment of $200, which shall be due immediately.

The court finds that the defendant does not have the ability to pay a fine.  The court will waive the fine in this case.

It is further ordered that the defendant shall make restitution to the Clerk of the Court, 550 West Fort Street, Suite 400, Boise, Idaho 83724, in the amount of $730.

The court finds that the defendant does not have the ability to pay interest. The court will waive the interest requirement in this case.

All monetary penalties are due and payable immediately.

Having considered the defendant's financial resources, the Court orders payment under the following schedule unless modified by the Court:

While in custody, the defendant shall submit nominal payments of not less than $25 per quarter pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. During the term of supervised release, the defendant shall submit nominal monthly payments of 10% of gross income, but not less than $25 per month.

The foregoing does not preclude collection efforts under 18 U.S.C. § 3613.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 5 years. This term consists of terms of 3 years on Count One and 5 years on Count Two, all such terms to run concurrently.  Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

Supervised release is imposed upon the following terms and conditions:

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance and shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release on supervision and to a maximum of 5 periodic drug tests a month thereafter for the term of supervision as directed by the probation officer.  The cost to be paid by both the defendant and the government based upon the defendant's ability to pay.

The defendant shall not possess a firearm, ammunition, destructive device or any other dangerous weapon.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

The defendant shall comply with all general and special terms of supervised release, and all standard conditions of supervision, as outlined in the judgment in a criminal case, to be filed by this Court. The defendant shall also comply with the following special conditions of supervision.

The defendant shall submit his or her person, property, house, residence, vehicle, papers, or office, to a search conducted by a United States probation officer. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

The defendant shall participate in a program of testing and treatment for drug and alcohol abuse, as directed by the probation officer. The cost to be paid by both the defendant and the government based upon the defendant's ability to pay.

The defendant shall abstain from the use of alcohol and shall not be present in any location where alcohol is the primary item of sale.

The defendant shall participate in a program of mental health treatment, as directed by the Probation officer.  The cost to be paid by both the defendant and the government based upon the defendant's ability to pay.

As directed by a mental health professional, the defendant shall take all medications as prescribed.  The cost of medication to be paid by both the government and the defendant based upon the defendant's ability to pay.

The defendant shall not be on the premises or enter the Sage Hill Casino, located at 843 North Treaty Highway, Blackfoot, Idaho 83221.

The defendant shall provide the probation officer with access to any requested financial information.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

Final order of forfeiture will be entered.

(X) Defendant advised of penalties for violation of terms and  conditions of supervised release.
(X) Right to appeal explained.
(X) Defendant to be credited for all time served in federal custody.
(X) Defendant be placed in a medical facility most equipped and best suited to treat his mental health concerns, closest to southeast Idaho.
(X) It is recommended that the defendant participate in the RDAP program.
(X) Defendant remanded to the custody of the United States Marshals Service.